UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:04-cr-161-SEB-DKL-3 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| FAUSTO NUNEZ | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:04-cr-00161-SEB-DKL |
| | ) | |
| FAUSTO NUNEZ, | ) | -03 |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Fausto Nunez filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 50. Mr. Nunez seeks immediate release from incarceration because of the COVID-19 pandemic. For the reasons explained below, his motions are **DENIED**.

**I.   Background**

In 2007, Mr. Nunez was sentenced to 300 months of imprisonment and 10 years of supervised release after a jury found him guilty of one count of conspiracy to possess with intent to distribute and/or distribute 50 grams or more of pure methamphetamine and 500 grams or more of methamphetamine (mixture), in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851. Dkt. 45 at 1, 5; dkt. 49; dkt. 58 at 1–2; dkt. 62 at 1–2. He is currently serving his sentence at the Reeves III Correctional Institution in Pecos, Texas. *See* https://www.bop.gov/inmateloc/ (last visited June 8, 2021). His anticipated release date (with good-conduct time included) is January 26, 2026. *Id.*

Mr. Nunez filed a pro se motion seeking a sentence reduction under § 3582(c)(1)(A), arguing that his health conditions combined with the COVID-19 pandemic to create extraordinary and compelling reasons warranting his immediate release from incarceration. Dkt. 50. The Court

2

appointed counsel to represent Mr. Nunez, and CJA counsel appeared on his behalf. Dkts. 51, 52. Appointed counsel filed a supporting brief. Dkt. 58. The United States filed its response. Dkt. 62. Defendant has not filed a reply, and time for doing so has passed. Thus, his motion is ripe for decision.

## II. Legal Standard

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, the court may "reduce a prison sentence if, 'after considering the factors set forth in section 3553(a) to the extent that they are applicable,' it finds 'extraordinary and compelling reasons warrant[ing] such a reduction.' 18 U.S.C. § 3582(c)(1)(A)." *United States v. Sanders*, 992 F.3d 583, 587 (7th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). "The movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, __ F.3d __, No. 20-2893, 2021 WL 1747898, at *2 (7th Cir. May 4, 2021).

## II. Discussion

Mr. Nunez has already contracted COVID-19. He does not claim to be experiencing any lingering symptoms. *See* dkt. 58 at 2. He argues, however, that he has established extraordinary and compelling reasons for release because he has various medical conditions (including prediabetes, COPD, hypertension, and being overweight) that place him at risk for having a severe illness if infected with COVID-19 and he cannot adequately protect himself from being reinfected while incarcerated. *Id.* at 2–3.[1] He also argues that the sentencing factors in § 3553(a) favor release,

---

[1] In a section titled, "BOP Facility Statistics and COVID," Defendant also states, "In addition to these circumstances, [Mr. Nunez's] mother is 70 years old and has had a stroke. She cannot take care of

3

emphasizing that he will be deported to Honduras if released, the BOP has rated him as having a low risk of recidivism and assigned him a low security rating, and he has already served a lengthy sentence. *Id.* at 15–17. In response, the United States submitted evidence showing that Mr. Nunez was offered the Pfizer COVID-19 vaccine on two occasions (March 16, 2021, and April 17, 2021), but declined the vaccine both times. Dkts. 62-4, 62-5. Based on this refusal, the United States argues that Mr. Nunez has not shown extraordinary and compelling reasons warranting release. Dkt. 62 at 10–11. It also argues that the § 3553(a) factors weigh against release, emphasizing that Mr. Nunez has a serious criminal record, has been disciplined many times while incarcerated, has already been removed from the United States on two occasions, and re-entered the country illegally to begin dealing large amounts of methamphetamine. *Id.* at 13–16. Mr. Nunez did not file a reply or offer any explanation as to why he declined the COVID-19 vaccine.

The parties dispute whether Mr. Nunez has established extraordinary and compelling reasons warranting a sentence reduction. Mr. Nunez emphasizes that he suffers from various medical conditions that increase his risk of experiencing severe symptoms if he is reinfected with COVID-19. Earlier in the pandemic, the Court found on several occasions that a defendant had established extraordinary and compelling reasons warranting release when the defendant suffered from conditions that the CDC recognized as increasing the risk of severe COVID-19 symptoms.

---

herself. His sister currently takes care of her, but needs his help." Dkt. 58 at 14. It is not clear if Mr. Nunez intends to argue that his desire to care for his mother is an extraordinary and compelling reason warranting release. To the extent he does, the Court disagrees. Mr. Nunez has not submitted any evidence to support his claim. Moreover, he is not claiming to be the only caregiver available for his mother. Regardless, many inmates have ailing or ill parents whom they would like to support, and the Court declines to exercise its discretion to find that Mr. Nunez's desire to care for his mother is an extraordinary and compelling reason warranting release, either standing on its own or in combination with his risk from COVID-19. *Cf. See United States v. Trice*, No. 1:13-cr-222-TWP-DML-1, Dkt. 114 at 5 (S.D. Ind. Aug. 4, 2020) (collecting cases about defendants requesting compassionate release to care for elderly or ill parent); *United States v. Jackson*, No. 1:18-cr-314-RLY-MJD-1, dkt. 33 (S.D. Ind. Aug. 12, 2020) (same); *United States v. Crandle*, 2020 WL 2188865, at *3 & n.27 (M.D. La. May 6, 2020) (same); *United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary.").

*See, e.g.*, *United States v. Johnson*, No. 1:99-cr-59-JMS-DML-06, dkt. 317 (S.D. Ind. Mar. 11, 2021); *United States v. Shivers*, No. 1:15-cr-111-TWP-MJD-2, dkt. 154 (S.D. Ind. Dec. 11, 2020); *United States v. Jansen*, No. 1:08-cr-132-SEB-TAB-12, dkt. 1336 (S.D. Ind. Nov. 25, 2020); *United States v. Uziekalla*, No.3:15-cr-43-RLY-CMM-28, dkt. 1652 (S.D. Ind. Nov. 19, 2020). Underlying those holdings was the understanding that the virus was difficult to control in a prison setting, in part because no vaccine had yet been made widely available.

The situation has now changed dramatically. Three vaccines are being widely distributed in the United States, including the Pfizer vaccine that Mr. Nunez was offered. Although no vaccine is perfect, the CDC has recognized that mRNA vaccines like the Pfizer vaccine are effective at preventing COVID-19 and that COVID-19 vaccination prevented most people from getting COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited June 8, 2021). The CDC also reports that the COVID-19 vaccines authorized for use in the United States offer protection against most variants currently spreading in the United States. *Id.* The vaccines are not 100% effective, and some vaccinated people may still get sick. *Id.* The CDC reports, however, that mRNA COVID-19 vaccines have been shown to provide protection against severe illness and hospitalization among people of all ages eligible to receive them, including people 65 years and older who are at higher risk of severe outcomes from COVID-19. *Id.*

COVID-19 vaccines have been made widely available within the BOP. As of June 8, 2021, the BOP has administered 189,019 doses of the vaccine and has fully inoculated tens of thousands of BOP staff members and inmates. *See* https://www.bop.gov/coronavirus/ (last visited June 8, 2021). In April 2021, the BOP Director testified to the Senate Judiciary Committee that all BOP inmates would be provided the opportunity to be vaccinated by mid-May 2021. *See*

https://www.bop.gov/resources/news/20210415_hearing.jsp (last visited June 8, 2021). And, indeed, Mr. Nunez has now been offered the opportunity to receive the vaccine—and, thus, dramatically reduce his chances of being reinfected with COVID-19 and suffering severe symptoms if he is hospitalized—on two occasions. Both times, he declined the opportunity. He has offered no explanation for that decision.

A prisoner "cannot be heard to complain about the dangers of COVID-19 in prison and then fail to take the available measures to mitigate the risk, such as being vaccinated." *United States v. Tello*, No. 4:18-CR-7, 2021 WL 2005792, at *7 (E.D. Tex. May 18, 2021); *see also United States v. Garcia*, No. 14-CR-20035, 2021 WL 1499312, at *4 (C.D. Ill. Apr. 16, 2021) ("Courts across the country appear to have consistently ruled that an inmate's refusal of a COVID-19 vaccine weighs against a finding of extraordinary and compelling circumstance to justify relief."); *United States v. Lohmeier*, No. 12 CR 1005, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021) ("In declining vaccination (twice), [Defendant] declined the opportunity to reduce his exposure to COVID-19 dramatically; he cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction."). Declining the vaccine does not automatically disqualify a defendant from establishing extraordinary and compelling circumstances based on COVID-19 risk; instead, the Court should consider any reasons provided for the declination. *See United States v. Crumble*, No. 16-CR-102, 2021 WL 2078012, at *5 (E.D. Wisc. May 24, 2021). Here, however, Mr. Nunez has provided no such reasons, despite bearing the burden to establish extraordinary and compelling reasons. *See Newton*, 2021 WL 1747898, at *2. Absent some evidence that the vaccine is medically contraindicated for Mr. Nunez, the Court declines to find extraordinary and compelling reasons warranting his release in this case. *See United States v. Sigers*, No. 3:17-cr-40-RLY-MPB-13, dkt. 647 (S.D. Ind. Apr. 19, 2021) (finding

no extraordinary and compelling reason where defendant had conditions that increased risk of severe COVID-19 symptoms but declined vaccine without giving explanation). Because Mr. Nunez has not shown an extraordinary and compelling reason warranting a sentence reduction, the Court need not consider whether the § 3553(a) factors favor release.

### III. Conclusion

For the reasons stated above, Mr. Nunez's motion for compassionate release, dkt [50] is **denied**.

**IT IS SO ORDERED.**

Date: 6/14/2021

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel