UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:04-cr-161-SEB-DKL-03 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| FAUSTO NUNEZ | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☐ DENIED WITHOUT PREJUDICE.

☒ DENIED. Defendant filed a renewed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 64. The Court denied Defendant's prior motion because, despite seeking release based on the risk that he faced from COVID-19 in prison, Defendant had declined to receive the COVID-19 vaccine on two separate occasions without providing any reason for doing so. Dkt. 63. Accordingly, the Court found that he did not establish extraordinary and compelling reasons warranting release. *Id.* In his renewed motion, Defendant requests that the Court immediately release him from confinement, or otherwise reduce his sentence to an unspecified term. Defendant advises that he has now been vaccinated, but vaccination is not a one hundred percent guarantee that he will not contract COVID-19 or that he will not become severely ill from COVID-19. Dkt. 64. He further argues that he has been subjected to years-long lockdowns due to COVID-19 and did not have running water for a period of time due to pipes bursting last winter in Texas.

1

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

"[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Nunez is fully vaccinated, and he has presented no evidence that he is unable to receive or benefit from the vaccine. Additionally, Mr. Nunez "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022); *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why,

despite his vaccination, his medical risks are extraordinary compared to the general population). As a result, Mr. Nunez cannot show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533.

Similarly, Mr. Nunez's general complaints about COVID-19 related lockdowns and lack of running water are not extraordinary and compelling reasons to release him. All inmates at his facility were subjected to the plumbing issues and all inmates throughout the country were subjected to COVID-19 lockdowns. Such allegations might form the basis for relief in a civil suit filed in Mr. Nunez's district of incarceration, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle") (cleaned up).

For the reasons stated above, Defendant's motion for compassionate release, dkt. [64], is **denied**.

**IT IS SO ORDERED.**

Dated:   6/24/2022

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Fausto Nunez
Reg. No. 07667-028
FCI Forrest City Low
Federal Correctional Institution
P.O. Box 9000
Forrest City, AR  72336

All Electronically Registered Counsel