UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:04-cr-00161-SEB-DKL-3 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| FAUSTO NUNEZ | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:04-cr-00161-SEB-DKL |
| ) | |
| FAUSTO NUNEZ, ) -3 | |
| ) | |
| Defendant. ) | |

**ORDER**

Defendant Fausto Nunez has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 67. For the reasons explained below, his motion is **DENIED**.

## I.  Background

In 2007, Mr. Nunez was sentenced to 300 months of imprisonment and 10 years of supervised release after a jury found him guilty of one count of conspiracy to possess with intent to distribute and/or distribute 50 grams or more of pure methamphetamine and 500 grams or more of methamphetamine (mixture), in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851. Dkt. 45 at 1, 5; dkt. 49; dkt. 58 at 1–2; dkt. 62 at 1–2. The Bureau of Prisons ("BOP") currently reports that Mr. Nunez's anticipated release date (with good-conduct time included) is January 26, 2026. https://www.bop.gov/inmateloc/ (last visited December 14, 2023).

Mr. Nunez has filed a pro se motion for compassionate release. Dkt. 67.  Mr. Nunez has filed three prior motions for a sentence reduction under the First Step Act of 2018, dkts. 39, 50, 64, each of which the Court denied, dkts. 49, 63, 66. In the instant motion, Mr. Nunez argues that he establishes extraordinary and compelling reasons for compassionate release because he asserts

2

changes in the "judicial climate" amount to a change in the law resulting in a gross disparity between the sentence he received and the sentence he would receive if sentenced today. The Court is able to resolve the motion without a response from the United States.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Nunez contends that the disparity between the sentence he received and the sentence he might receive if he was sentenced today establishes an extraordinary and compelling reason to release him. Specifically, he argues that the "judicial climate" has changed such that he would receive a more lenient sentence today. Dkt. 67 at 3.

For several years, the Seventh Circuit has repeatedly affirmed its conclusion that non-retroactive statutory changes and new judicial decisions are not extraordinary and compelling reasons for granting compassionate release, whether considered alone or in combination with any other factors. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-

3

retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i) and that district court cannot consider change, whether alone or in combination with any other factor, when determining whether defendant has established extraordinary and compelling reasons potentially warranting a sentence reduction). As summarized by the Seventh Circuit:

> When deciding whether "extraordinary and compelling reasons", 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions.... *There's nothing "extraordinary" about new statutes or caselaw*, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255.

*United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (emphasis added; cleaned up); *see also United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023) (quoting *United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022) ("Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction")). Under the *Thacker* line of cases, any potential sentencing disparity clearly does not qualify as an extraordinary and compelling reason potentially warranting a sentence reduction, and the Court would abuse its discretion were it to find otherwise.

The Court recognizes that, effective November 1, 2023, the United States Sentencing Commission amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited Nov. 1, 2023). One such new circumstance is related to defendants who received an "unusually long sentence":

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law

4

> (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

The *Thacker* line of cases can be read to hold that the statutory definition of "extraordinary" does not extend to law changes, which means there is a question about whether the Sentencing Commission exceeded its authority when it added this item to the list of potentially extraordinary and compelling reasons warranting a sentence reduction under § 3582(c)(1)(A)(i). *See United States v. LaBonte*, 520 U.S. 751, 757 (1997) ("Broad as [the Commission's] discretion may be, however, it must bow to the specific directives of Congress."). The Court need not, however, reach that question in Mr. Nunez's case because—even if the Commission was within its authority to adopt § 1B1.13(b)(6)—Mr. Nunez has not pointed to any specific change in the law that would result in a different sentence than the one he received. Any shift in the "judicial climate" is not a change in the law of the type contemplated by the Sentencing Commission to create an extraordinary and compelling reason for release. Mr. Nunez thus cannot rely on § 1B1.13(b)(6) to establish extraordinary and compelling reasons potentially warranting a sentence reduction. For these reasons, the Court finds that Mr. Nunez has not carried his burden to show that the potential that he might receive a lower sentence if sentenced today establishes an extraordinary and compelling reason to release him, whether considered alone or together with any other reason.

Even if the Court were to find that Mr. Nunez has established an extraordinary and compelling reason, the Court would nevertheless rule that Mr. Nunez is not entitled to

compassionate release based on the sentencing factors prescribed under 18 U.S.C. § 3553.[1] Weighing in his favor, he has a reentry plan which includes a residence with his mother in Honduras. Dkt. 58 at 16. However, his serious criminal history, which consists of two prior felony convictions including delivery of a controlled substance and battery in addition to his most recent offense, along with his BOP disciplinary record including nine violations against him, counsel against a reduction. Dkt. 45 at 11–12; dkt. 62-1; dkt. 62-2; dkt, 62-3. Further, Mr. Nunez is currently scheduled to be released in January 2026. To release him now would amount to a substantial reduction in his sentence.

Thus, because the early release of Mr. Nunez would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes, the motion must be **DENIED**. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as [defendant's] is enough; more would be otiose.").

---

[1] These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

### III. Conclusion

For the reasons stated above, Mr. Nunez's motion for compassionate release, dkt. [67], is **denied**.

**IT IS SO ORDERED.**

Date: 1/3/2024

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Fausto Nunez
Register Number: 07667-028
FCI Forrest City Low
Federal Correctional Institution
P.O. Box 9000
Forrest City, AR 72336