UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:04-cr-00161-SEB-DKL-3 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| FAUSTO NUNEZ | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:04-cr-00161-SEB-DKL |
| | ) | |
| FAUSTO NUNEZ, | ) -3 | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Fausto Nunez has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 69. For the reasons explained below, his motion is **DENIED**.

### I.   Background

In 2007, Mr. Nunez was sentenced to 300 months of imprisonment and 10 years of supervised release after a jury found him guilty of one count of conspiracy to possess with intent to distribute and/or distribute 50 grams or more of pure methamphetamine and 500 grams or more of methamphetamine (mixture), in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851. Dkt. 45 at 1, 5; dkt. 49; dkt. 58 at 1–2; dkt. 62 at 1–2. The Bureau of Prisons ("BOP") currently reports Mr. Nunez's anticipated release date (with good-conduct time included) as January 26, 2026. https://www.bop.gov/inmateloc/ (last visited August 12, 2024).

Mr. Nunez has filed a motion for compassionate release *pro se*. Dkt. 69. Mr. Nunez has filed four prior motions for a sentence reduction under the First Step Act of 2018, dkts. 39, 50, 64, 67, each of which the Court denied, dkts. 49, 63, 66, 68. Mr. Nunez argues that he establishes extraordinary and compelling reasons for compassionate release because he is serving an unusually

2

long sentence which would not be as long if he were sentenced under the law as it is today. Dkt. 69 at 3. The United States has filed opposition to the motion.[1] Dkt. 69. The motion is now ripe.

## II.    Legal Background

We reach back into history to explain the context of the issues raised by Defendant in his motion for compassionate release based on an alleged disparity between current sentencing law and that in effect at the time of his conviction. Prior to 1984, "the Federal Government employed in criminal cases a system of indeterminate sentencing" with wide sentencing boundaries for trial judges who exercised "almost unfettered discretion" *Tapia v. United States*, 564 U.S. 319, 323 (2011) (quoting *Mistretta v. United States,* 488 U.S. 361, 363 (1989)). This model fell into disfavor due to doubts that existing prison programs were able to rehabilitate offenders and because of large sentencing disparities among similarly situated defendants. *Id.* at 324.

These concerns led Congress to enact the Sentencing Reform Act of 1984, "overhaul[ing] federal sentencing practices." *Id.* at 325. The Sentencing Reform Act established the United States Sentencing Commission, which was directed to promulgate sentencing guidelines that would replace indeterminate sentencing and parole with "a range of determinate sentences for categories of offenses and defendants." *Id.* (quoting *Mistretta,* 488 U.S. at 368). Congress also specified in the new statute that a "court may not modify a term of imprisonment once it has been imposed" with certain exceptions. 18 U.S.C. § 3582(c). One such exception allowed a court to "reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A), (A)(i). As enacted in 1984, the Sentencing Reform Act permitted such a reduction only "upon motion of the Director of the Bureau of Prisons." 18 U.S.C.

---

[1] Mr. Nunez did not file a reply brief in support of his motion and the time for doing so has passed.

§ 3582(c)(1)(A) (Effective: Nov. 2, 2002 to Dec. 20, 2018). These motions, sometimes referred to as "compassionate release" motions, became the means by which defendants sought a sentence reduction that would result in immediate release.

Congress also instructed the Sentencing Commission to promulgate "general policy statements regarding . . . the appropriate use of" such sentence reductions. 28 U.S.C. § 994(a)(2). Accordingly, the Sentencing Commission promulgated U.S.S.G § 1B1.13 describing circumstances under which a court may find an extraordinary and compelling reason for a sentence reduction. Later, Congress amended § 3582(c)(1)(A) as part of the First Step Act of 2018, which amendment, for the first time, permitted motions for a sentence reduction based on extraordinary and compelling reasons to be filed by defendants. 18 U.S.C. § 3582(c)(1)(A) (Effective: December 21, 2018). But the Sentencing Commission's opportunity to amend § 1B1.13 was delayed due to the fact that shortly after the enactment of the First Step Act the Sentencing Commission lost its quorum, which it did not regain until 2022. *Sentencing Guidelines for United States Courts*, 88 FR 28254-01.

During that hiatus, the Seventh Circuit, along with nearly all other circuits, determined that § 1B1.13 was inapplicable to motions by prisoners since that section addressed only motions filed by the Director of the BOP. The appellate courts based their reasoning on the fact that the Sentencing Commission had not updated its policy statements to implement the First Step Act. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020).[2] This left the parameters of what

---

[2] *Compare United States v. Ruvalcaba*, 26 F.4th 14, 21 (1st Cir. 2022) (holding § 1B1.13 did not apply to prisoner filed motions); *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020) (same); *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021) (same); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020) (same); *United States v. Shkambi*, 993 F.3d 388, 392-93 (5th Cir. 2021) (same); *United States v. Jones*, 980 F.3d 1098, 1110 (6th Cir. 2020) (same); *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) (same); *United States v. McGee*, 992 F.3d 1035, 1050 (10th Cir. 2021) (same); *United States v. Long*, 997 F.3d

constituted an "extraordinary and compelling reason for release" in our circuit to a district judge's discretion constrained by the Seventh Circuit's forewarning that "a judge who strikes off on a different path [from § 1B1.13 as a working definition of extraordinary and compelling reasons] risks an appellate holding that judicial discretion has been abused." *Id.*

Another split among the circuits arose during this time over whether a non-retroactive change in the law might constitute an extraordinary and compelling reason for release. The Seventh Circuit ruled that such a change does not. *See United States v. Thacker*, 4 F.4th 569, 575 (7th Cir. 2021) (holding that a non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i) and that a district court cannot consider such a change, whether alone or in combination with any other factor, when determining whether a defendant has established extraordinary and compelling reasons potentially warranting a sentence reduction). As summarized by the Seventh Circuit:

> When deciding whether "extraordinary and compelling reasons", 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions. . . . There's nothing "extraordinary" about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255.

*United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (cleaned up); *see also United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023) (quoting *United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022) ("Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction")). In so deciding, the Seventh Circuit sided with a bare majority of other circuits.

---

342, 359 (D.C. Cir. 2021) (same), *with United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021) (holding that § 1B1.13 governed all motions under § 3582(c)(1)(A)).

*Compare United States v. Andrews*, 12 F.4th 255, 260–62 (3d Cir. 2021) (holding that non-retroactive changes in law are not permissible considerations); *United States v. McMaryion*, 64 F.4th 257, 259–60 (5th Cir. 2023) (same); *United States v. McCall*, 56 F.4th 1048, 1061 (6th Cir. 2022) (en banc) (same); *United States v. Crandall*, 25 F.4th 582, 585–86 (8th Cir. 2022) (same); and *United States v. Jenkins*, 50 F.4th 1185, 1198, 1198 (D.C. Cir. 2022) (same), *with Ruvalcaba*, 26 F.4th at 16, 26–28 (holding that non-retroactive changes in sentencing law may be considered in light of a defendant's particular circumstances); *McCoy*, 981 F.3d at 286–88 (same); *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022) (same), and *United States v. McGee*, 992 F.3d 1035, 1047–48 (10th Cir. 2021) (same).

After the Sentencing Commission regained a quorum in 2022, it promulgated amendments to § 1B1.13. *See* https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited July 22, 2024). Among these changes was the addition of two subsections, (b)(6) and (c), which "operate together to respond to a circuit split concerning when, if ever, non-retroactive changes in law may be considered as extraordinary and compelling reasons." *Id.* Subsection (b)(6) provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

§ 1B1.13(b)(6). This provision must be read in tandem with subsection (c) as follows:

> Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment

6

> to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

§ 1B1.13(c).

The Commission submitted this change, among other amendments, to Congress on April 27, 2023. *See* https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited July 22, 2024). Congress took no action to specifically modify or disapprove of these amendments; thus, they became effective on November 1, 2023. *Id.*; *see* 28 U.S.C. § 994(p).

### III. Discussion

To summarize the current state of the law governing compassionate release motions, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Prior to the Sentencing Commission's promulgation of the current guidelines interpreting § 3583(c)(1)(A)(i), the Seventh Circuit had held that a district court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *Gunn*, 980 F.3d at 1180–81. The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Billingsley relies on § 1B1.13(b)(6) in his pending motion, citing the disparity between the sentence he actually received (420 months) and the sentence he might receive if he were sentenced today, which he contends establishes an extraordinary and compelling reason to order his immediate release. Specifically, he maintains that the two sentences mandatory minimum

7

sentences of 10 years and 25 years for his two § 924(c) convictions would be much lower today than they were at the time of sentencing. Dkt. 69.

We understand the guidance of the Sentencing Commission to be entitled to substantial deference, though that deference is not unlimited. *United States v. Santoyo*, 146 F.3d 519, 524 (7th Cir. 1998); *Loper Bright Enterprises v. Raimondo,* 144 S.Ct. 2244, 2273 (2024) ("[W]hen a particular statute delegates authority to an agency consistent with constitutional limits, courts must respect the delegation, while ensuring that the agency acts within it."). Here, given the Seventh Circuit's interpretation of the statute in *Thacker* and its progeny, the Commission's interpretation must yield to judicial determinations.

In *Thacker*, the Seventh Circuit provided a plain and unequivocal answer to the question of whether a statutory change "can constitute an extraordinary and compelling reason for a sentencing reduction" by stating that "[i]t cannot." *Thacker*, 4 F.4th 576. The Court characterized its holding as answering that question "squarely and definitively." *Id.* This holding has been cited and relied upon by our circuit in numerous subsequent opinions, including those cases which encompass new judicial determinations as well as new statutory changes. *See, e.g.*, *United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022) ("Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction."); *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022). Given these precedential determinations, we hold that § 1B1.13(b)(6) is contrary to statute and the Sentencing Commission's view to the contrary is not entitled to deference.

Our approach is consistent with that taken by other district courts in this circuit. *See United States v. Garza*, 2023 WL 7298975, at *1 (N.D. Ind. Nov. 6, 2023) (holding that the defendant is unable to pursue his compassionate release motion in light of *Thacker* without acknowledgment

8

of the 2023 guidelines amendments); *United States v. Black*, 2024 WL 449940, at *12 (N.D. Ill. Feb. 6, 2024) (holding that the court could not defer to the Sentencing Commission's interpretation of statute and must apply *Thacker*).[3] Moreover, the Third Circuit has recently "reaffirmed that nonretroactive changes in sentencing laws are not, by themselves, extraordinary and compelling reasons warranting sentence reduction." *United States v. Kramer*, 2024 WL 313389, at *3 (3d Cir. Jan. 26, 2024). (The Third Circuit acknowledged that it may later address the amended guidelines effect on the validity of its prior holding prohibiting a district court from such a conclusion where a case presents the question directly. *United States v. Stewart*, 86 F.4th 532, 535 (3d Cir. 2023).)

For these reasons, based on *Thacker* and its progeny, we hold that Sentencing Guideline § 1B1.13(b)(6) is not controlling here. Any post-sentencing changes in the law affecting Mr.

---

[3] The Court recognizes, however, that other district judges, including even within our own district, have found it appropriate to decline to follow *Thacker* or their circuit's *Thacker*-analogous circuit opinions. *See, e.g.*, *United States v. Spradley*, 2024 WL 1702873 (S.D. Ind. Apr. 18, 2024); *United States v. Bailey*, 2024 WL 2291497 (S.D. Ind. May 20, 2024); *United States v. Capps*, 2024 WL 880554 (E.D. Mo. Jan. 31, 2024); *United States v. Brown*, 2024 WL 409062 (S.D. Ohio Feb. 2, 2024); *United States v. Bricker*, 2024 WL 934858 (N.D. Ohio Mar. 5, 2024); *United States v. Skeeters*, 2024 WL 992171 (E.D. Pa. Mar. 7, 2024). Recognizing that this issue is a close call, we acknowledge two post-*Thacker* developments below.

First, after the *Thacker* opinion was issued but prior to the enactment of § 1B1.13(b)(6), the Seventh Circuit expressly stated its hope that either the Sentencing Commission or the Supreme Court would resolve the circuit split on the issue, and, after the enactment of § 1B1.13(b)(6), recognized the rule on at least two occasions. *United States v. Williams*, 65 F.4th 343, 349 (7th Cir. April 13, 2023); *United States v. Williams*, 2023 WL 8868502, at *1 n.1 (7th Cir. Dec. 22, 2023); *United States v. Moore*, 2024 WL 890003, at *1 (7th Cir. Mar. 1, 2024). Second, the Government has consistently opposed a writ of certiorari to resolve the question of whether changes in law can be considered extraordinary and compelling reasons for a sentence reduction on the grounds that the Sentencing Commission should be entrusted with resolving issue. *See e.g.*, Memorandum For the United States in Opposition to Grant of Certiorari, *Thacker v. United States*, No. 21-877, 2022 WL 467984 (U.S. Feb. 14, 2022).

These two developments may well signal that a change in the Seventh Circuit's position is in the offing, such that future rulings by the appellate court will take a different course, but for now, its precedent is clear, and our obligation is to follow it, which we do here in both our analysis and our conclusion.

9

Nunez therefore do not constitute an extraordinary and compelling reason for his release. Thus, Mr. Nunez's attempt to establish that an extraordinary and compelling reason exists for his release based on a change in law falters as a matter of law.

Even if the Court were to assume that Mr. Nunez had established an extraordinary and compelling reason, however, the Court would nevertheless find that Mr. Nunez is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor. In our latest order denying compassionate release, we analyzed these factors as follows:

> Weighing in his favor, he has a reentry plan which includes a residence with his mother in Honduras. Dkt. 58 at 16. However, his serious criminal history, which consists of two prior felony convictions including delivery of a controlled substance and battery in addition to his most recent offense, along with his BOP disciplinary record including nine violations against him, counsel against a reduction. Dkt. 45 at 11–12; dkt. 62-1; dkt. 62-2; dkt, 62-3. Further, Mr. Nunez is currently scheduled to be released in January 2026. To release him now would amount to a substantial reduction in his sentence.

Dkt. 68 at 6.

Mr. Nunez has provided no new information which would alter the Court's prior analysis. Thus, because the early release of Mr. Nunez would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes, the motion must be DENIED. See United States v. Ugbah, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as [defendant's] is enough; more would be otiose.").

IV.     Conclusion

For the reasons stated above, Mr. Nunez's motion for compassionate release, dkt. [69], is **denied**.

**IT IS SO ORDERED.**

Date: 8/30/2024

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Fausto Nunez
Register Number: 07667-028
FCI Forrest City Low
Federal Correctional Institution
P.O. Box 9000
Forrest City, AR 72336